---

In re HUGHES' WILL.

(Supreme Court, Appellate Division, First Department. March 24, 1911.)

1. WILLS (§ 388*)—PROBATE—REVIEW—DISPOSITION OF CASE.
    Where, on an appeal from a decree of the surrogate admitting an alleged will to probate, the evidence of testamentary capacity is such that intelligent men might well differ thereon, and the court is not satisfied on the whole case with the result, it will remit the case for a trial by jury, under Code Civ. Proc. § 2588, rather than relegate the contestants to their action, under section 2653a; the court taking into consideration that affirmance would establish prima facie the validity of the will, and the decree in question containing an adjudication that the will constituted an effective exercise of a certain power of appointment, which adjudication the appellate court did not approve.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 388.*]

2. WILLS (§ 384*)—PROBATE—SCOPE OF REVIEW—QUESTIONS NOT NECESSARY TO DECISION.
    Where a decree admits a will to probate and adjudicates that it constitutes an effective exercise of a certain power of appointment, and the court on appeal decides on a reversal, that there might be a jury trial on the question of mental capacity, it will not pass definitively on the validity of the exercise of the power, as such question would never arise if the testatrix should be found incompetent.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 384.*]

Appeal from Surrogate's Court, New York County.

In the matter of the probate of the will of Louise B. Hughes, deceased. From a decree admitting the will to probate, an appeal was taken. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles Blandy, for appellant.
John Thomas Smith, for respondent.

SCOTT, J. [1] While we fully realize that the evidence is of such a character that intelligent men may well differ as to the mental ca-

pacity of the testatrix at the time she signed the paper propounded as her last will and testament, we are of opinion that the case is one which should be remitted to a trial by jury, under section 2588, Code Civil Procedure.

Having arrived at this conclusion, it would serve no useful purpose to review at length the evidence relied upon by either side, or to express our own views as to the effect of that evidence, further than to say that we are not entirely satisfied, upon the whole case, with the result at which the surrogate has arrived. We adopt this course, rather than that of relegating the contestants to their action under section 2653a of the Code of Civil Procedure, for two reasons: First, because an affirmance of the decree would establish prima facie the validity of the contested will; and, secondly, because the decree contains an adjudication that the will, if valid, constitutes an effective exercise of the power of appointment given to the testatrix by the will of her deceased husband.

[2] With this view we are not now prepared to agree, and, while we do not pass upon the question definitively at this time, because, if the testatrix should be found to have been incompetent, the question will never arise, yet we prefer to so deal with the decree that it cannot be argued, even by inference, that we intended to leave that question as it was decided by the surrogate. For this reason we have concluded to reverse the decree appealed from, and direct a trial by jury of the material questions of fact arising upon the issues between the parties, with costs to the contestants in this court and the Surrogate's Court, to be paid out of the estate.

Settle order on notice. All concur.